IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD F. VORASSI,

       Plaintiff(s),                                  09cv0769
                                                        **ELECTRONICALLY FILED**

   v.

US STEEL/EDGAR THOMSON WORKS,

       Defendant(s).

## MEMORANDUM AND ORDER DISMISSING CASE

Before the Court is defendant United States Steel Corporation's ("USSteel")[1] Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 5) for failure to state a claim upon which relief can be granted because plaintiff Ronald Vorassi's employment discrimination claims under the ADEA and the PHRA are time-barred, and because plaintiff failed to allege sufficient facts which would show he is entitled to relief. On August 18, 2009, this Court ordered plaintiff to respond to the motion and file a brief in opposition on or before August 27, 2009. No response has been filed.

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than

---

[1] Apparently incorrectly identified in Plaintiff's Complaint as "US Steel/Edgar Thomson Works."

labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803263, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion*

*Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

In light of the above standards and in the absence of any response by plaintiff, the Court finds that the affirmative declarations in plaintiff's complaint show that his claims are time barred. Plaintiff's claims accrued and the statutes of limitations began to run on October 31, 2007, when the incident that gave rise to termination occurred. Under the PHRA, a plaintiff must file a complaint with the PHRC within 180 days after the alleged act of discrimination. 43 P.S. § 959(h). As a general rule, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice, unless the charge was originally filed with a state or local agency, in which case the EEOC charge must be filed within 300 days of the unlawful employment practice underlying the complaint. 29 U.S.C. § 626(d)(1). However, because Pennsylvania is a "deferral state," a plaintiff will have 300 days from the date of the challenged employment action to file a charge with the EEOC even if the state filing is untimely under state law. *Davis v. Calgon Corp.*, 627 F.2d 674, 675 (3d Cir. 1980) (per curiam).

Where the complainant chooses to bring a private action, it must be filed within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge. The 180-day [or 300-day] period for filing the administrative complaint and the 90-day period for filing the court action, are treated as statutes of limitations. *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (citing *Zipes v. Trans World Airlines Inc.*, 455 U.S. 385, 393 (1982)). Therefore, "the on-set of the 90-day period is generally considered to be the date on which the complainant receives the right-to-sue letter." *Burgh*, 251 F.3d at 470. Importantly, "the [90-day] limit is strictly enforced and a delay of even one day will bar a claim." *Id*. at 472.

In the instant case, plaintiff filed his charge of discrimination with the EEOC on October 14, 2008, beyond the 180-day and 300-day limits prescribed under the PHRA and ADEA, and he filed this lawsuit on June 15, 2009, which was 92 days after receiving his Right to Sue Letter from the EEOC on March 15, 2009. Because his claims are time-barred, this Court will grant defendant's motion to dismiss. Accordingly,

IT IS HEREBY ORDERED that defendant's Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 5) is GRANTED, and plaintiff's complaint is HEREBY DISMISSED.

The Clerk of Court shall mark this case closed.

    SO ORDERED this 3rd day of September, 2009.

    s/Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge

cc:   All counsel of record